Leif Thompson
Leif Thompson Law Office
Alaska Bar No. 1006041
306 Main Street Suite 304
Ketchikan, AK 99901
Cell phone (907) 617-9256
Office     (907) 247-9256
Fax        (888) 363-1007
Leifthompson@outlook.com
Attorney for Historic Wolf Creek Boatworks

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **HISTORIC WOLF CREEK BOATWORKS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **UNITED STATES OF AMERICA;** ) | |
| ) | |
| **SONNY PERDUE,** ) | |
| **Secretary of Agriculture;** ) | |
| ) | |
| **VICKI CHRISTIANSEN,** ) | |
| **Chief, U.S. Forest Service;** ) | |
| ) | |
| ) Cause No. _____ | |
| **DAVID SCHMID,** ) | |
| **Regional Forester** ) | |
| **for the Region of Alaska;** ) | |
| ) | |
| **MELANIE SLAYTON, Former** ) | |
| **Realty Specialist** ) | |
| **Tongass National Forest** ) | |
| **Thorne Bay Ranger District;** ) | |
| ) | |
| **MATTHEW ANDERSON,** ) | |
| **Former District Ranger** ) | |
| **Forest Service, Tongass** ) | |
| **National Forest Craig and** ) | |
| **Thorne Bay Ranger Districts;** ) | |

Complaint, *Historic Wolf Creek Boatworks v. U.S.A.* et al.

Page 1 of 8 Pages

M. EARL STEWART,                    )
Forest Supervisor                   )
Tongass National Forest;            )
                                    )
Defendants.                         )
                                    )
_____ )

## COMPLAINT FOR DECLARATORY JUDGMENT AND TO SET ASIDE ADVERSE U.S. FOREST SERVICE ACTION

Historic Wolf Creek boatworks, hereinafter referred to as Wolf Creek, alleges as follows:

I.    Wolf Creek is an Alaskan non profit corporation that has buildings and a business located on the Tongass National Forest near The Organized Village of Kasaan on Prince of Wales Island in Alaska.

II.    Wolf Creek has been operating on this parcel of the Tongass National Forest under a conditional use permit number #CRG239 continuously since 1939. Exhibit 1.

III.    In 2015, Wolf Creek's conditional use permit was set to expire.

IV.    On January 10, 2013, Sam Romey, the President of Wolf Creek, hereinafter referred to as Mr. Romey, received an E-mail from U.S. Forest Service Realty Specialist Melanie Slayton of the Thorne Bay Alaska Ranger District noting that Mr. Romey was interested in a long term extension to the Wolf Creek Boatworks conditional use permit. Exhibit 2.

Complaint, *Historic Wolf Creek Boatworks v. U.S.A.* et al.
Page 2 of 8 Pages

V. Ms. Slayton was the Forest Service official responsible for issuing Wolf Creek's conditional use permit from 2010 to 2015. Exhibit 1.

VI. In this E-mail Ms. Slayton requested an operating plan for Wolf Creek to submit in support of a renewed conditional use permit. See Exhibit 2.

VII. On 1/11/2014, Mr. Romey submitted this operating plan. Exhibit 3.

VIII. On January 8, 2015, Mr. Romey E-mailed Ms. Slayton to follow up on his attempts to renew the Wolf Creek conditional use permit. Exhibit 4 P. 3

IX. In May of 2015, Mr. Romey engaged Mr. Charles Ottar Mobley to conduct a cultural investigation into history and campus of Wolf Creek Boatworks as part of Wolf Creek's attempts to secure a new conditional use permit. This was completed in 2016. Exhibit 5.

X. On July 2, 2015, Mr. Romey again E-mailed Ms. Slayton and asked if anything needed to be done to supplement the application for a conditional use permit. Exhibit 4 P. 2.

XI. On August 26, 2015, Mr. Romey again E-mailed Ms. Slayton to see if anything needed to be done to supplement the application for the conditional use permit. Exhibit 4 P. 2. He gave times for Forest Service officials to visit for a site inspection.

XII. On August 26, 2015, Ms. Slayton replied to Mr. Romey that she was going to schedule Forest Service

Complaint, *Historic Wolf Creek Boatworks v. U.S.A.* et al.

Page 3 of 8 Pages

inspections of the premises as part of the
conditional use permit process.  Exhibit 4 P. 1.

XIII.   On September 8, 2015, Mr. Romey E-mailed Ms.
Slayton about having her and her replacement out to
Wolf Creek for the site inspection.  Exhibit 4 P. 1.

XIV. Ms. Slayton was leaving for a different job.

XV.  On September 10, 2015, Ms. Slayton E-mailed Mr.
Romey that she was going to try to schedule site
inspections for her replacement. Exhibit 4 P. 1.

XVI. On September 10, 2015, Ms. Slayton sent Mr. Romey an
E-mail stating "I definitely won't be able to visit
you before I leave but will try to get the Ranger
out there.  I haven't given up on reissuing your
permit, yet.  I'll let you know.  Exhibit 4 P. 1.

XVII.   On August 11, 2016, Mr. Romey received an E-mail
from Matt Anderson, District Ranger for the
districts of Tongass National Forest, Craig and
Thorne Bay Ranger districts regarding scheduling the
site inspection that he had been requesting from Ms.
Slayton.  Exhibit 6.

XVIII. On September 7, 2018, Mr. Romey sent more
material to Mr. Anderson regarding Wolf Creek
Boatworks.  Exhibit 7.

XIX. The Forest Service has been preparing the area of
Tongass National Forest that contains Wolf Creek
Boatworks for a land swap with the Alaska Mental

Complaint, *Historic Wolf Creek Boatworks v. U.S.A.* et al.
Page 4 of 8 Pages

Health Trust, hereinafter referred to as Mental Health).

XX. This land swap is scheduled to take place in 2021.

XXI. Wolf Creek is being evicted from this land and The Forest Service is trying to convey title to Mental Health without Wolf Creek's rights because there is no current conditional use permit. Exhibits 8-9.

XXII. The law for applying for a conditional use permit on National Forest is found in 36 C.F.R. § 251.54 et seq.

XXIII. When Mr. Romey contacted Ms. Slayton in January 2013 and stated he was interested in extending the current lease, this satisfied the requirement under 36 C.F.R. § 251.54(a) that applicants must apply in advance with early notice to have their conditional use permits considered.

XXIV. Mr. Romey's E-mails Exhibits 1, 3,and 5, site plan, Exhibit 2, Cultural Investigation Report, Exhibit 4, and additional material, Exhibit 6 in efforts to secure an extension on his conditional use permit satisfies the requirements of 36 C.F.R. §251.54(b) that applications for permits be given in writing or orally to the District Ranger or Forest Supervisor to be considered.

XXV. The contents of Mr. Romey's proposal for Wolf Creek met the minimum requirements of Forest Service

Complaint, *Historic Wolf Creek Boatworks v. U.S.A.* et al.

Page 5 of 8 Pages

Regulation 36 C.F.R. § 251.54(d) in that it thoroughly explained the proposed use.

XXVI.   Upon receiving an application for a use permit, the Forest Service is to screen the application and deny it if it is improper under 36 C.F.R. § 251.54(e) and (d).

XXVII.  Wolf Creek has never had its application for a permit denied at any time.

XXVIII. Under 36 C.F.R. § 251.54(e)(3) and (5), the Forest Service is to state to the applicant for conditional use permits what additional materials it needs to continue the application process.

XXIX.   The materials that Mr. Romey submitted is everything that the Forest Service asked of him.

XXX.    Mr. Romey has not received any notice that his application has been denied, or that his denial is appealable as required by 36 C.F.R. § 214.6.

XXXI.   Mr. Romey was also not included as a signatory for the assessment and remediation of the potential damage to Wolf Creek as a historic place, as required by 36 C.F.R. § 800 *et seq.*

XXXII.  The reasoning behind this is that Wolf Creek did not have a conditional use permit in place at the time.

XXXIII. The eviction for Wolf Creek is scheduled for December 15, 2020 according to his notices to quit. Exhibits 8-9.

Complaint, *Historic Wolf Creek Boatworks v. U.S.A.* et al.

XXXIV.  The eviction is set to cost Wolf Creek a great deal of money, as there are permanent and expensive improvements at the site.  Exhibit 3.

XXXV.   Wolf Creek has a right to review agency inaction that has harmed it under 5 U.S.C. § 702.

XXXVI.  United States Courts have the power to compel U.S. agency action that is unlawfully withheld or unreasonably delayed under 5 U.S.C. § 706(1).

XXXVII. United States Courts have the power to set aside actions, findings and conclusions found to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.  5 U.S.C. § 706(2)(a).

XXXVIII.    In this case, the U.S. Forest Service's delay of more than seven years on whether or not to grant Wolf Creek a new conditional use permit is unreasonable.

XXXIX.  In this case, the U.S. Forest Service's decision to evict Wolf Creek from the land and declare its tenancy invalid and its conditional use permit lapsed without considering the application for extension that has been pending for seven years is arbitrary and capricious.

XL.   The Court has jurisdiction to hear this matter as there is as these issues present a federal question of whether the Forest Service acted with unreasonable delay or has been arbitrary and

Complaint, *Historic Wolf Creek Boatworks v. U.S.A.* et al.

Case 3:20-cv-00260-TMB  Document 1  Filed 10/13/20  Page 7 of 8

capricious in evicting Wolf Creek without a right to appeal and without considering the application for conditional use.

XLI. Venue is proper, as all individiduals and entities involved reside or are located in Alaska.

## Conclusion

It is respectfully requested that the Court find that the notice to quit in Exhibit 7-8 is unlawful and that it set aside this notice to quit.

It is respectfully requested that the Court find that there has been an unreasonable delay and arbitrary and capricious lapse in processing Wolf Creek's application for a conditional use permit.

It is respectfully requested that the Court order the U.S. Forest Service to consider Wolf Creek's application for a conditional use permit, and issue it a decision with a full right of agency review.

A preliminary injunction will be requested once the parties have been served.

**Respectfully Submitted,**

10/9/2020

Leif A. Thompson
Alaska Bar No. 1006041
306 Main Street Suite 304
Ketchikan, AK 99901
Attorney for Historic Wolf Creek Boatworks

Complaint, *Historic Wolf Creek Boatworks v. U.S.A.* et al.

Page 8 of 8 Pages